

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2006

# Sotovando-Cifuentez v. Dept Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1156

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Sotovando-Cifuentez v. Dept Homeland" (2006). *2006 Decisions.* Paper 1135.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1135

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 05-1156


WILLIAM AMARILDO SOTOVANDO-CIFUENTEZ, Petitioner

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, Respondent


On Petition for Review of an Order of the
Board of Immigration Appeals
(No. A70-845-160)


_____


Submitted Under Third Circuit LAR 34.1(a)
January 23, 2006


Before: RENDELL and STAPLETON, <u>Circuit</u> <u>Judges</u>.
and POLLAK,[*] <u>District</u> <u>Judge</u>.

Filed:   May 10, 2006
_____


OPINION OF THE COURT

_____

POLLAK, District Judge.


Petitioner William Amarildo Sotovando-Cifuentez is a native and citizen of Guatemala.

On February 16, 1996, an Immigration Judge found Sotovando-Cifuentez deportable under

---

[*]Honorable Louis H. Pollak, Senior District Judge for the United States District
Court of the Eastern District of Pennsylvania, sitting by designation.

former 8 U.S.C. § 1231(a)(1)(B) (repealed 1996) and denied his application for suspension of deportation. Sotovando-Cifuentez timely appealed the denial of his application for suspension of deportation to the Board of Immigration Appeals ("BIA" or "Board"). On July 24, 1996, the BIA dismissed Sotovando-Cifuentez's appeal. Eight years later, on September 16, 2004, Sotovando-Cifuentez moved to reopen his petition with the Board. In a December 14, 2004 order, the Board denied his motion to reopen as untimely. Sotovando-Cifuentez now petitions for review of the Board's decision. We will deny the petition.[1]

We review the Board's denial of a motion to reopen for abuse of discretion. *Mahmood v. Gonzales*, 427 F.3d 248, 250 (3d Cir. 2005). We afford the BIA "broad deference" in these decisions, *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir. 2003), and, under the regulations, the Board "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

Pursuant to 8 C.F.R. § 1003.2(c)(2), a motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal. However, Sotovando-Cifuentez argues that the BIA should have equitably tolled the time period between the issuance of the Board's July 1996 order and September 2004 when he filed his motion to reopen because his former counsel was ineffective. As the restrictions on when a person can file a motion to reopen are analogous to a statute of limitations, we have previously held that this time period is subject to equitable tolling. *See Borges v. Gonzales*, 402 F.3d 398, 406 (3d Cir. 2005). We have also previously recognized that "ineffective assistance of counsel can serve as a basis for equitable

---

[1] To the extent that Sotovando-Cifuentez is requesting that we review the BIA's decision against reopening the case under its sua sponte powers, we have no jurisdiction to entertain these arguments. *See Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474-75 (3d Cir. 2003).

tolling in immigration cases." *Mahmood*, 427 F.3d at 251.

But to be eligible for equitable tolling, a petitioner must "come forward with evidence that he acted with [due] diligence." *Id*. at 252; *see also Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000) ("For an untimely claim to receive the benefit of equitable tolling . . . an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll."). In his motion to reopen, Sotovando-Cifuentez did not adequately account for the eight years that elapsed between the time that his appeal to the Board was dismissed and the time he filed the motion. The only pertinent evidence before the Board was Sotovando-Cifuentez's affidavit, in which he asserted that his inactivity during this time period was a result of his former counsel's either ignoring him or providing him with evasive answers about the status of his appeal. In his affidavit, Sotovando-Cifuentez further asserted that he eventually searched elsewhere for help and filed a grievance against his former counsel. In making these assertions, however, Sotovando-Cifuentez failed to provide the Board with any specifics or relevant dates. Moreover, these few assertions do little to suggest that the eight-year delay between the dismissal of his appeal and the filing of his motion to reopen was reasonable. *See Iavorski*, 232 F.3d 124 at 134 (noting that "equitable tolling of a statute of limitations is permitted until the fraud or concealment is, or should have been, discovered by a reasonable person in the situation"). Consequently, as we concluded in *Mahmood*, "these periods of unaccounted-for delay reveal a lack of diligence, and thus [the petitioner] is not entitled to tolling." 427 F.3d at 253.

The Board did not abuse its discretion in denying the motion to reopen. Accordingly, we will deny the petition for review.